NOTE:  This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**DAVID LEE SMITH, individually and in his capacity as Legal Representative of The Estate of Mary Julia Hook,**
*Plaintiff-Appellant*

**v.**

**UNITED STATES,**
*Defendant-Appellee*

---

2022-1968

---

Appeal from the United States Court of Federal Claims in No. 1:22-cv-00052-AOB, Judge Armando O. Bonilla.

---

**ON MOTION**

---

PER CURIAM.

## O R D E R

David Lee Smith moves for leave to proceed *in forma pauperis*.  After consideration of the complaint, the judgment of the United States Court of Federal Claims, and Mr. Smith's opening brief, we dismiss the appeal.

In 2019, the United States District Court for the District of Colorado entered an order of foreclosure and judicial sale of Mr. Smith's home. After unsuccessfully exhausting his appeals in that matter, Mr. Smith filed this suit on his own behalf and as the representative of his deceased wife's estate at the Court of Federal Claims asserting an unlawful judicial taking of property in violation of the Takings Clause of the Fifth Amendment. The complaint alleged that the district court failed to comply with all necessary procedures, including failing to set off amounts owed, failing to determine the proper amount of federal taxes owed, and failing to distribute tax exemptions. The Court of Federal Claims granted Mr. Smith's motion for leave to proceed *in forma pauperis* and dismissed for lack of jurisdiction, certifying under 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith. Mr. Smith now appeals, seeking in his brief for this court to "declare the judgments and orders of . . . the District of Colorado and . . . the Tenth Circuit void . . . because of the jurisdictional defects and due process violations in those courts." ECF No. 5-1 at 3.

Given Mr. Smith's motion and the § 1915(a)(3) certification, it is appropriate to assess whether Mr. Smith's appeal complies with 28 U.S.C. § 1915(e)(2)(B)(i), which provides "the court shall dismiss . . . if the court determines that . . . the action or appeal . . . is frivolous." It is well settled that the Court of Federal Claims "cannot entertain a taking[s] claim that requires the court to 'scrutinize the actions of' another tribunal.'" *Innovair Aviation Ltd. v. United States*, 632 F.3d 1336, 1342 (Fed. Cir. 2011) (citation omitted, alteration in the original); *Petro-Hunt, L.L.C. v. United States*, 862 F.3d 1370, 1385 (Fed. Cir. 2017); *Shinnecock Indian Nation v. United States*, 782 F.3d 1345, 1353 (Fed. Cir. 2015). Mr. Smith has raised no cogent, non-frivolous argument on appeal for why the Court of Federal Claims would have jurisdiction over his complaint that, at bottom, challenges the district court's

SMITH v. US                                                                                                    3

rulings in his foreclosure case through collateral proceedings. We therefore dismiss this appeal as frivolous.

Accordingly,

IT IS ORDERED THAT:

(1) The motion for leave to proceed *in forma pauperis* is denied.

(2) The appeal is dismissed.

(3) Each side shall bear its own costs.

FOR THE COURT

August 31, 2022                          /s/ Peter R. Marksteiner
     Date                                Peter R. Marksteiner
                                         Clerk of Court